(No. 4018— )

MARION G. ROBERTSON, WIDOW OF HAROLD ROBERTSON, DECEASED, FOR HERSELF AND AS NEXT FRIEND AND MOTHER OF HAROLD G. ROBERTSON, A MINOR, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 5, 1947.*

MARION G. ROBERTSON, pro se.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

This claim is brought by Marion G. Robertson, widow of Harold Robertson, in her own behalf, and behalf of her minor son, Harold G. Robertson, against the State of Illinois, under Section 7(a) of the Workmen's Compensation Act.

The record consists of the Complaint, Departmenta] Report, Claimant's Waiver of Brief and Respondent's Waiver of Brief.

The decedent was employed on July 7, 1946 by the State Department of Registration and Education as a Rehabilitation Counselor. By a memorandum sent to all Rehabilitation Counselors from the Office of the State Supervisor, Division of Rehabilitation, decedent was requested to attend a training conference for the blind at Bloomington, Illinois, to be held October 14, 1946 through October 19, 1946. Hotel reservations had been made by respondent for decedent at the Illinois Hotel, Bloomington, for the night of October 13, 1946 through October 18, 1946. That in pursuance of said orders and instructions, decedent, the said Harold Robertson, left his office in Harrisburg on October 13, 1946 and drove his automobile northward toward his destination of Bloomington, with the intention of attending said conference the following morning. At about 9:00 P. M. October 13, 1946 at a point

approximately two miles south of Bloomington, Illinois, on U. S. Route 66, decedent's automobile collided with a tractor-trailer which was parked and standing facing in a northerly direction on the east side of the pavement. The tractor-trailer was standing on said pavement in total darkness, the driver having failed and omitted to place lights, flares or other warning signals. As a result of said collision, decedent, Harold Robertson, sustained injuries which caused his death on the following day, October 14, 1946.

The record further discloses that the Department of Registration and Education had immediate notice of decedent's death as a result of this accident, and as complaint herein was filed within six months of the date of death the provisions of Section 24 of the Compensation Act have been fully met.

The only question to be decided is whether an employee of the respondent who is traveling as required by his employment is entitled to compensation under the Workmen's Compensation Act. This question has been decided affirmatively by this court in the cases of *Lilla M. Miller* vs. *State of Illinois,* No. 3991, 16 C.C.R., and *Margaret L. Taylor* vs. *State of Illinois,* No. 3996, 16 C.C.R.

Respondent paid decedent a salary of $225.00 per month, which is the salary paid to persons of the same class in the same employment. Claimant is entitled to an award in the sum of $4,450.00. Since the death occurred subsequent to July 1, 1945 this must be increased 20%, making a total award of $5,340.00. The weekly compensation rate is the maximum of $15.00, increased 20%, or $18.00 per week.

An award is therefore entered in favor of claimant,

Marion G. Robertson, in the amount of $5,340.00, to be paid to her as follows:

$ 612.00 accrued, is payable forthwith;
$4,728.00 is payable in weekly installments of $18.00, beginning on the 16th day of June, 1947 for a period of 262 weeks, with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the Approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."